The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams*, 157 Ohio App.3d 374, 2004-Ohio-2857.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 83479.

Decided June 3, 2004.

</div>

William D. Mason, Cuyahoga County Prosecuting Attorney, and Sherry F. McCreary, Assistant Prosecuting Attorney, for appellees.

Paul Mancino Jr. and Donald Ray Williams, pro se.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant, Donald R. Williams ("Williams"), appeals from the judgment of the common pleas court dismissing his petition for postconviction relief without an evidentiary hearing. Finding no merit to the appeal, we affirm.

{¶ 2} In 1994, Williams was indicted for one count of aggravated murder, with a firearm specification and two aggravated felony specifications, and two counts of having a weapon while under disability, both with a firearm specification. A jury found him guilty of murder with the firearm specification and both counts of having a weapon while under disability. This court affirmed his convictions in

*State v. Williams* (Oct. 31, 1996), Cuyahoga App. 69936, 1996 WL 631080. The Ohio Supreme Court denied leave to appeal.

{¶ 3} On September 24, 1996, Williams filed a postconviction petition pursuant to R.C. 2953.21. The trial court summarily dismissed his petition without an evidentiary hearing in August 2003. Williams raises two assignments of error relating to the court's dismissal of his petition.

{¶ 4} In his first assignment of error, Williams argues that the trial court erred in dismissing his petition for postconviction relief without an evidentiary hearing. In his second assignment of error, he claims that the trial court erred when it denied his petition as untimely.

{¶ 5} Postconviction relief, which is governed by R.C. 2953.21, was amended by Am.Sub. S.B. No. 4, effective September 21, 1995. *State v. Freeman* (Dec. 10, 1998), Cuyahoga App. No. 73784 through 73787, 1998 WL 855613. Prior to the amendment, the postconviction relief statute had allowed a petitioner to file a postconviction relief petition at any time after his conviction. *State v. Schulte* (1997), 118 Ohio App.3d 184, 186, 692 N.E.2d 237. As amended, R.C. 2953.21(A)(2) now imposes certain time requirements for filing a petition for postconviction relief. R.C. 2953.21(A)(2) provides:

"A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶ 6} Further, the corresponding uncodified law provides:

"A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act [September 21, 1995], whichever is later." Section 3, S.B. No. 4, 146 Ohio Laws, Part IV, 7826.

{¶ 7} Williams was sentenced prior to the effective date of amended R.C. 2953.21; thus, it is undisputed that Williams's petition had to be filed within one year from September 21, 1995. Therefore, Williams was required to file his petition no later than September 23, 1996, which was the first business day following the expiration of the one-year deadline. Williams's petition was filed on

September 24, 1996, which was beyond the time limit prescribed in R.C. 2953.21 and Senate Bill No. 4.

{¶ 8} Williams contends that his petition should be construed as timely filed when he turned it over to prison authorities for mailing, arguing the application of the federal mailbox rule and citing *Robertson v. Abramajtys* (E.D.Mich.2001), 144 F.Supp.2d 829.

{¶ 9} In *Houston v. Lack* (1988), 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245, the United States Supreme Court adopted the mailbox rule in holding that when a prisoner is acting pro se, his notice of appeal is considered "filed" under federal law when he turns the petition over to the prison authorities for mailing. The *Robertson* court expanded upon this rule and held:

"In other words, the difficulties with court filings faced by pro se petitioners— including having no choice but to rely on both prison officials and the 'vagaries of the mail' without any ability to remedy or monitor any missteps along the way—should suffice as adequate 'cause' to excuse a state procedural default in at least certain situations." *Robertson v. Abramajtys*, 144 F.Supp.2d at 840.

{¶ 10} However, according to the Ohio Supreme Court, a pleading is considered filed on the day it is filed with the court. *State ex rel. Tyler v. Alexander* (1990), 52 Ohio St.3d 84, 555 N.E.2d 966. Thus, the Ohio Supreme Court has expressly rejected the mailbox rule:

"In *Houston*, the United States Supreme Court rested its holding on its interpretation of a federal statute and the Federal Rules of Appellate Procedure, and not on any constitutional provision. As such it is not binding on us. Nor do we find *Houston* persuasive." Id.

{¶ 11} Additionally, other appellate districts have rejected the prison mailbox rule as well. See *State v. Clement* (June 27, 1995), Franklin App. No. 95APA01– 101, 1995 WL 390795; *State v. Bowens* (June 26, 1998), Ashtabula App. No. 97– A–0004, 1998 WL 553049; *State v. Vroman* (Apr. 15, 1997), Ross App. No. 96CA2258, 1997 WL 193168; and *State v. Hansbro* (June 14, 2002), Clark App. No. 2001–CA–88, 2002-Ohio-2922, 2002 WL 1332297.

{¶ 12} Although *Tyler* involved a notice of appeal, and the instant case involves a postconviction petition, the difference is irrelevant. Therefore, we hold that any document is considered filed when it is filed with the clerk of court, and not when it is placed in the prison mailing system. Thus, Williams's petition was untimely.

{¶ 13} Pursuant to R.C. 2953.23(A)(1), a trial court may not entertain an untimely filed petition for postconviction relief unless either of the following apply:

"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

"(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

{¶ 14} R.C. 2953.23(A)(2) further requires:

"(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was@ convicted * * *."

{¶ 15} Unless the above exceptions apply, the trial court has no jurisdiction to consider an untimely petition for postconviction relief. *State v. Warren* (Dec. 14, 2000), Cuyahoga App. No. 76612, 2000 WL 1844778; *State v. Valentine* (Dec. 7, 2000), Cuyahoga App. No. 77882, 2000 WL 1807240; *State v. Wheatt* (Oct. 26, 2000), Cuyahoga App. No. 77292, 2000 WL 1594101; *State v. Gaddis* (Oct. 12, 2000), Cuyahoga App. No. 77058, 2000 WL 1513746.

{¶ 16} Williams has failed to demonstrate any of the above exceptions entitling him to relief. In his petition, he claims that he was denied his constitutional right to effective assistance of counsel, there was intentional prosecutorial misconduct, and there was a substantial miscarriage of justice in his case.

{¶ 17} It is well established that any claim for postconviction relief that was or could have been raised on direct appeal is barred from consideration by the doctrine of res judicata. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. However, res judicata does not bar claims for postconviction relief when the petitioner presents evidence outside the record that was not in existence and was not available to the petitioner in time to support a direct appeal. *State v. Cole* (1982), 2 Ohio St.3d 112, 114, 2 OBR 661, 443 N.E.2d 169.

{¶ 18} Williams's claims of ineffective assistance of counsel and prosecutorial misconduct are issues that could have been raised on direct appeal because they do not involve evidence outside the record. Because those claims were not raised at the earliest opportunity, they are barred by res judicata. See *Perry*, supra.

{¶ 19} Additionally, Williams's claim that there was a substantial miscarriage of justice is supported by affidavits—evidence outside the record. However, these affidavits were in existence and the information contained therein was available to.

Williams on direct appeal. Williams filed his direct appeal on December 7, 1995. The affidavits attached to the petition were either executed prior to the filing date of the direct appeal or during the pendency of the appeal. Additionally, the deposition of juror Michael Burris was taken prior to the filing date of the direct appeal. All the exhibits attached to Williams's petition were available to him on direct appeal. Therefore, this claim is barred by res judicata. See *Cole*, supra.

{¶ 20} Because Williams's petition was untimely, and no exception under R.C. 2953.23(A) applied, the trial court properly dismissed the petition for lack of jurisdiction. Even if his petition was timely filed, his claims are barred by the doctrine of res judicata. Accordingly, both assignments of error are overruled.

Judgment affirmed.

ANN DYKE, P.J., and KENNETH A. ROCCO, J., concur.