DECISION
{¶ 1} Defendant-appellant, Michael L. Friley, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for postconviction relief. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In March 2003, defendant pled guilty to robbery and was sentenced to five years in prison, in accordance with the joint recommendation of the parties. The judgment entry sentencing defendant was journalized on March 4, 2003.
 {¶ 3} On October 16, 2003, defendant, acting pro se, filed a motion for leave to file a delayed appeal. On December 16, 2003, this court granted said motion. See State v. Friley (Dec. 16, 2003), Franklin App. No. 03AP-1032 (Memorandum Decision). On August 5, 2004, this court affirmed defendant's conviction. SeeState v. Friley (Aug. 5, 2004), Franklin App. No. 03AP-1032 (Memorandum Decision). Defendant filed a motion for reconsideration, which this court denied. See State v. Friley
(Oct. 14, 2004), Franklin App. No. 03AP-1032 (Memorandum Decision).
 {¶ 4} Meanwhile, beginning in October 2003, defendant filed, in the trial court, numerous postconviction motions, including a petition for postconviction relief. Ultimately, on December 16, 2004, the trial court denied the outstanding motions. Specifically, the trial court's entry states as follows:
The Defendant has filed a blizzard of motions since entering the institution pursuant to an agreed upon sentence of five years, a sentence he understood and agreed to on March 3, 2003. Because of the decisions made by the Tenth District Court of Appeals on December 16, 2003, August 5, 2004, and October 14, 2004, said outstanding motions are hereby denied as moot.
 {¶ 5} Defendant appeals from that judgment and has asserted the following sole assignment of error:
THE TRIAL COURT COMMITTED PREJUDICIAL REVERSABLE [SIC] ERROR PURSUANT TO ARTICLE VI OF THE UNITED STATES CONSTITUTION.
 {¶ 6} Under his assignment of error, defendant argues that the trial court erred in dismissing his "post-conviction pleadings." (Defendant's merit brief, at 6.) More specifically, defendant appears to argue that the trial court erred in denying his petition for postconviction relief. R.C. 2953.21(A)(2) provides that a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." The statute also provides that, if no appeal is taken, the petition shall be filed no later than 180 days after the expiration of the time for filing the appeal. Furthermore, a trial court has no jurisdiction to entertain an untimely petition for postconviction relief unless the requirements of R.C. 2953.23(A) are met. State v.Halliwell (1999), 134 Ohio App.3d 730, 734.
 {¶ 7} As amended by Sub.S.B. No. 11,[1] R.C. 2953.23(A) provides, in pertinent part:
Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
(1) Both of the following apply:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 8} Because the trial court entered its judgment on March 4, 2003, defendant had until April 3, 2003, to file a timely direct appeal. However, he did not file a timely direct appeal. He filed a delayed appeal, with leave from this court. In order for his petition for postconviction relief to be timely, defendant had to file the petition within 180 days after the expiration of the time for filing a timely appeal. See State v.Price (Sept. 29, 1998), Franklin App. No. 98AP-80. A delayed appeal does not extend the time for filing a petition for postconviction relief. Id.
 {¶ 9} In order to be timely, defendant had to file a petition for postconviction relief no later than 210 days after the trial court's March 4, 2003 judgment entry. Accordingly, the deadline for filing a petition was September 30, 2003. However, defendant did not file a petition for postconviction relief by September 30, 2003. On October 7, 2003, defendant filed a motion to extend the time to file a postconviction relief petition,[2] and subsequently filed what he characterized as amendments to his petition for postconviction relief. Even if defendant's October 7, 2003 motion would be construed as a petition for postconviction relief, it was filed after the September 30, 2003 deadline. Defendant asserts that his motion for an extension to file his petition was placed in the prison mailbox on September 26, 2003, thereby making his petition timely. However, "any document is considered filed when it is filed with the clerk of court, and not when it is placed in the prison mailing system."State v. Williams, 157 Ohio App.3d 374, 2004-Ohio-2857, at ¶12. Therefore, defendant did not timely file a petition for postconviction relief, as no petition was filed until after the expiration of the period prescribed in R.C. 2953.21(A). As such, we must determine whether the trial court had jurisdiction to entertain his petition under R.C. 2953.23(A)(1).
 {¶ 10} Regarding R.C. 2953.23(A)(1)(b), defendant cannot demonstrate that but for constitutional error at trial no reasonable fact finder would have found him guilty, as he pled guilty and no trial occurred. See State v. Moore, Cuyahoga App. No. 82734, 2003-Ohio-4819, at ¶ 16. On this basis, we find that defendant failed to establish the requirements of R.C.2953.23(A)(1). Consequently, we need not reach the issues of whether defendant demonstrated that he was unavoidably prevented from discovering the facts upon which his petition is based, or whether the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in his situation.
 {¶ 11} We recognize that the trial court denied defendant's outstanding motions as moot as a result of the decisions of this court relating to defendant's direct appeal. To the extent defendant's postconviction petition was based on evidence outside the record, the trial court's denial of defendant's petition on the basis of mootness was improper. See State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233 (noting that a postconviction petition is "a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction"). Nevertheless, the trial court did not err in denying defendant's petition, as it lacked jurisdiction to entertain the untimely petition.
 {¶ 12} In this appeal, defendant also seems to argue that it was error for the trial court to rule upon his petition for postconviction relief without making findings of fact and conclusions of law. It is true that trial courts are required to issue findings of fact and conclusions of law in regard to the denial of petitions filed pursuant to R.C. 2953.21(A)(2). Stateex rel. Reynolds v. Basinger, 99 Ohio St.3d 303, 2003-Ohio-3631, at ¶ 6, citing both R.C. 2953.21(C) and State v. Lester (1975),41 Ohio St.2d 51. However, a trial court is under no duty to issue findings of fact and conclusions of law when denying an untimely petition for postconviction relief. See State ex rel.Reynolds, at ¶ 7.
 {¶ 13} Additionally, defendant notes that the trial court did not rule upon his postconviction petition for over one year. R.C.2953.21(E) provides that "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." Here, defendant's petition was untimely under R.C. 2953.21(A)(2), and the trial court lacked jurisdiction to entertain the petition under R.C. 2953.23(A). Therefore, the requirement of a "prompt hearing" under R.C. 2953.21(E) is inapplicable in the case at bar.
 {¶ 14} Based on the foregoing, we conclude that defendant's petition for postconviction relief was not timely, and he failed to satisfy the statutory elements required for the trial court to entertain his untimely petition. Therefore, the trial court did not err in denying his petition for postconviction relief. Accordingly, we overrule defendant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and French, JJ., concur.
[1] Effective October 29, 2003, Sub.S.B. No. 11 amended R.C.2953.23(A) to allow for certain DNA testing-based claims of actual innocence. See R.C. 2953.23(A)(2). That substantive change to R.C. 2953.23(A) is not relevant to this case. Additionally, the amendment changed the structure of the statute, but did not substantively change the requirements of R.C. 2953.23(A), other than adding the provision regarding DNA testing-based claims of actual innocence.
[2] We note that, in regard to defendant's request for an extension to file his petition, we find nothing in the statute to allow for such an extension.