[Cite as *State v. McGrath*, 2012-Ohio-816.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   97207

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH McGRATH

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-516312 and CR-524159

**BEFORE:**   Blackmon, A.J., Sweeney, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   March 1, 2012

**APPELLANT PRO SE**

Joseph McGrath
Inmate No. 570-434
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Brett Kyker
Mary McGrath
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Joseph McGrath ("McGrath") appeals pro se the trial court's denial of his petition for postconviction relief and the trial court's calculation of jail-time credit. He assigns six errors for our review.[1]

**{¶2}** Having reviewed the record and pertinent law, we affirm McGrath's convictions. The apposite facts follow.

**{¶3}** McGrath was indicted in two separate cases (Case Nos. CR-516312 and CR-524159), which were joined for trial. McGrath was convicted of three counts of menacing by stalking, two counts of violating a protection order, and one count of resisting arrest. The trial court sentenced McGrath to a total of seven years in prison. McGrath filed an appeal, and this court affirmed his convictions. *State v. McGrath*, 8th Dist. No. 93445, 2010-Ohio-4477, 2010 WL 3721970.

**{¶4}** After we issued our decision in the appeal, McGrath filed a motion for jail-time credit on December 1, 2010, in which he argued he was entitled to 258 days of jail-time credit.[2] On February 23, 2011, McGrath filed a petition for postconviction relief in which he argued that the interlocutory temporary restraining order was unenforceable and void for numerous reasons and the statutes governing postconviction relief were unconstitutional.

---

[1]See appendix.

[2]One month after his sentencing, McGrath filed a motion for 260 days of jail-time credit; however, the trial court failed to rule on the motion.

**{¶5}** The trial court denied the petition because it was untimely. The trial court granted in part McGrath's motion for jail-time credit, concluding he was only entitled to 247 days of jail-time credit instead of the requested 258 days.

### Allied Offenses

**{¶6}** In his first assigned error, McGrath argues the trial court erred by not merging his allied offenses.

**{¶7}** This error was not raised in McGrath's petition, which is the subject of this appeal. Therefore, we have no jurisdiction to address the error. App.R. 3; *State v. Staats,* 5th Dist. No. 2007-CA-00053, 2007-Ohio-3638, 2007 WL 2049917, at ¶ 34. Additionally, McGrath raised this issue on direct appeal; therefore, res judicata prevents our review of this assigned error. It is well established that any claim for postconviction relief that was or could have been raised on direct appeal is barred from consideration by the doctrine of res judicata. *State v. Williams*, 157 Ohio App.3d 374, 2004-Ohio-2857, 811 N.E.2d 561, ¶ 17, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus (1967). Accordingly, McGrath's first assigned error is overruled.

### Untimely Petition

**{¶8}** We address McGrath's assigned errors two, three, and four together because they are all barred by the fact they were raised in an untimely filed petition for postconviction relief.

{¶9}   R.C. 2953.21(A)(2) provides that if a direct appeal is taken, a petition for postconviction relief shall be filed no later than 180 days after the filing of the trial transcript in the court of appeals.   Here, the trial transcript in the prior appeal was filed in the court of appeals on August 21, 2009.   Therefore, his petition for postconviction relief needed to be filed by February 21, 2010.   McGrath did not file his petition until February 24, 2011.   Because he filed the petition over a year after the required deadline, it was untimely.

{¶10}   Generally, the trial court has no jurisdiction to consider an untimely petition for postconviction relief.   *State v. Houston*, 8th Dist. No. 95994, 2011-Ohio-2798, 2011 WL 2306062; *State v. Knuckles*, 8th Dist. No. 89361, 2008-Ohio-2031, 2008 WL 1903817; *State v. Perotti*, 8th Dist. No. 89731, 2008-Ohio-1266, 2008 WL 740530; *State v. Schultz*, 8th Dist. No. 85430, 2005-Ohio-6627, 2005 WL 3436349.   The trial court may, however, entertain untimely petitions for postconviction relief if the defendant demonstrates either (1) he was unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. R.C. 2953.23(A)(1)(a).   Neither of these exceptions applies to the instant case. Therefore, the trial court did not err by denying McGrath's petition.

**{¶11}** Additionally, McGrath raised these issues on direct appeal. Therefore, res judicata bars our review. *Williams* at ¶ 17. Accordingly, McGrath's second, third, and fourth assigned errors are overruled.

## Constitutionality of R.C. 2953.21 and 2952.23

**{¶12}** In his fifth assigned error, McGrath contends R.C. 2953.21 and 2953.23, the statutes governing petitions for postconviction relief are unconstitutional because they are in conflict with Civ.R. 1, Crim.R. 1, 35, and 47. He contends that the time requirements set forth in R.C. 2953.21 and 2952.23 do not provide time for the appellant to conduct discovery.

**{¶13}** "A postconviction relief proceeding is a collateral civil attack on a judgment and is not imbued with the same federal constitutional protections as are all of the criminal proceedings which precede it." *State v. Lott*, 8th Dist. Nos. 79790, 79792, 79291, 2002-Ohio-2752, 2002 WL 1265579, citing *State v. Davie*, 11th Dist. No. 2000-T-0104, 2001-Ohio-5842, 2001 WL 1647193 and *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). "The long-standing rule in Ohio is that a convicted criminal defendant has no right to additional or new discovery, whether under Crim.R. 16 or any other rule, during postconviction relief proceedings." *State v. West*, 7th Dist. No. 07 JE 26, 2009-Ohio-3347, 2009 WL 1929355, at ¶ 15, citing *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 159, 718 N.E.2d 426 (1999). The civil rules governing discovery likewise do not apply in a postconviction relief proceeding. *Id.* at ¶ 16. Therefore, because McGrath did not have a right to

discovery during postconviction relief proceedings, the time limit does not impinge on his constitutional rights.

**{¶14}** The 180-day time limit has also been found constitutional because it provides an exception to the 180-day rule when the petitioner can show he was unavoidably prevented from discovering the error at an earlier date. *State v. Sanders*, 1st Dist. C-980154, 1999 WL 162146 (Mar. 26, 1999). Accordingly, McGrath's fifth assigned error is overruled.

### Jail-time Credit

**{¶15}** In his sixth assigned error, McGrath argues the trial court incorrectly calculated the amount of his jail-time credit. McGrath had requested 258 days; however, the trial court concluded he was entitled to 247 days.[3]

**{¶16}** Initially, we note that any issue regarding jail-time credit is usually raised on direct appeal. *State ex rel. Jones v. O'Connor*, 84 Ohio St.3d 426, 704 N.E.2d 1223 (1999). However, in the instant case, the trial court ruled on McGrath's motion for jail-time credit after the decision in the direct appeal. Therefore, we conclude McGrath properly raised the issue in an appeal from the trial court's ruling on his motion.

**{¶17}** There is nothing in the record from which we can resolve whether the trial court miscalculated the amount of jail-time credit. McGrath contends the trial court

---

[3]We note the state argues McGrath's petition did not include his request for jail time. Although this is true, McGrath's notice of appeal included the trial court's decision regarding his jail-time credit, which was decided on the same day that the trial court denied his petition.

granted him jail-time credit at his sentencing hearing, but failed to specify the number of days in its sentencing entry. However, he failed to provide us with the transcript from his sentencing hearing. Moreover, the record before us does not provide sufficient detail from which we can calculate the days of jail-time credit. It is the defendant's burden to show the error in the calculation of jail-time credit. *State v. Clemons*, 8th Dist. No. 92054, 2009-Ohio-2726, 2009 WL 1629671, at ¶ 9; *State v. Parsons*, 10th Dist. No. 03AP-1176, 2005-Ohio-457, 2005 WL 289471, at ¶ 9; *State v. Evans*, 2d Dist. No. 21751, 2007-Ohio-4892, 2007 WL 2742576, at ¶ 13. "'If the defendant fails to demonstrate error, and no miscalculation in the jail-time credit is apparent from the record, any claimed error must be overruled.'" *Clemons*, quoting *State v. Slager,* 10th Dist. Nos. 08AP581-582 and 08AP-709-710, 2009-Ohio 1804, 2009 WL 1027182, ¶ 25, citing *State v. Hunter*, 10th Dist. No. 08AP-183, 2008-Ohio-6962, 2008 WL 5423439. The alleged error is not apparent on this record. Accordingly, McGrath's sixth assigned error is overruled.

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., and
COLLEEN CONWAY COONEY, J., CONCUR


## **APPENDIX**

### **Assignments of Error**

**I.    The trial court committed plain error by its failure to merge allied offenses of similar import, pursuant to R.C. § 2941.24, *State v. Johnson* (2010), 128 Ohio St.3d 1153, 942 N.E.2d 1061, the Ohio and United States Constitution.**

**II.    The trial court erred by not vacating the void judgment in accordance with its inherent powers to do so, as the temporary protection order was issued in accordance with unconstitutional statutes, R.C. § 2903.212; R.C. § 2903.213; R.C. § 2903.214, both in conflict with Ohio Civ.R. 1, Ohio Civ.R. 65, and void, thereby divesting the trial court of subject matter jurisdiction over the prosecution for any violations of the void order and the trial court committed plain error by its failure to vacate the void judgment pursuant to its inherent powers in violation of the Ohio and United States constitutions.**

**III.    The trial court erred by not vacating the void judgment in accordance with its inherent powers to do so, as the temporary protection order was not issued in accordance with the procedural due process, substantial due process, equal protection guarantees of the Ohio and United States constitutions and the notice before its issuance, rendering the order unenforceable and "void" thereby divesting the trial court of subject matter jurisdiction over the prosecution for any violations of the void order.**

**IV.    The trial court erred by not vacating the void judgment in accordance with its inherent powers to do so, as the temporary protection order automatically terminated pursuant to R.C. 2903.214(E)(2) at the conclusion of the case it was issued for and was not extended by the trial court during any appeal in the final decree and/or sentencing journal entry rendering the order unenforceable and void, thereby divesting the trial court of subject matter jurisdiction over the prosecution for any violations of the void order.**

**V. The statutes R.C. § 2953.21; R.C. § 2953.23 are in conflict with Ohio Civ.R. 1, Crim.R. 1, Crim.R. 35, Crim.R. 47, and unconstitutional.**

**VI. The trial court abused its discretion by its failure to properly calculate the correct number of days of jail time credit the appellant is entitled to and to incorporate the days in the journal entry.**