[Cite as *State v. Starks*, 2014-Ohio-5136.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100796**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RONALD E. STARKS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-83-186387-A

**BEFORE:**   Blackmon, J., Boyle, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   November 20, 2014

**FOR APPELLANT**

Ronald E. Starks, pro se
171-539
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: T. Allen Regas
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} In this accelerated appeal, Ronald E. Starks ("Starks") appeals pro se the trial court's denial of his motion to correct his sentence and assigns the following error for our review:

> The trial court abused its discretion and erred to the prejudice of appellant Ronald E. Starks by violating his due process rights thus guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section Sixteen of the Ohio Constitution when the trial court denied appellant's Crim.R. 36 Motion to Correct Sentence, [and] when the trial court erroneously imposed a term of life without stipulating 15 full years to life, which was the applicable and mandated term pursuant to R.C. 2967.13(B) for appellant's two counts of aggravated murder convictions that had alleged to have occurred in 1978 and prior to 1981.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On October 19, 1983, Starks was convicted of two counts of aggravated robbery and two counts of aggravated murder. The trial court sentenced him to concurrent terms of four to twenty-five years on each of the robbery counts to run concurrently with his terms of life imprisonment for the aggravated murder convictions. Starks filed a direct appeal, and this court affirmed his convictions. *State v. Starks*, 8th Dist. Cuyahoga No. 50087, 1986 Ohio App. LEXIS 5845 (Mar. 6, 1986). Over the last 30 years, he has filed two motions for relief from judgment, several motions for judicial release, and several motions to correct his sentence.

{¶4} His most recent motion to correct his sentence was filed on November 20, 2013. This was his fourth motion to correct his sentence. He did not appeal from the other three motions to correct his sentence. In all four motions, Starks claimed that the trial court erred in imposing his sentences for aggravated murder by imposing the sentences as "life imprisonment" instead of "15 full years to life." Like the previous three motions, the trial court denied the fourth motion.

**Jurisdiction**

**{¶5}** In his sole assigned error, Starks argues the trial court erred by denying his motion to correct his sentence.

**{¶6}** Starks's motion to correct his sentence, despite its caption, meets the definition of a motion for postconviction relief set forth in R.C. 2953.21(A)(1), because it is a motion that (1) was filed subsequent to Starks's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997). Starks's motion meets these four requirements. Accordingly, we shall construe his motion to vacate as a petition for postconviction relief.

**{¶7}** Starks has raised this same issue in three other previous motions; therefore, res judicata prevents him from raising the issue again. Moreover, the sentencing issue could have been raised on direct appeal. It is well established that any claim for postconviction relief that was or could have been raised on direct appeal is barred from consideration by the doctrine of res judicata. *State v. Williams*, 157 Ohio App.3d 374, 2004-Ohio-2857, 811 N.E.2d 561, ¶ 17 (8th Dist.), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶8}** Additionally, R.C. 2953.21 provides that a petition for postconviction relief must be filed within 180 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 180 days after the expiration of the time in which a direct appeal could have been filed. Here, Starks did not file his motion until well beyond the 180 days after the filing of his transcript in his direct appeal. In fact, the petition was filed almost 30 years later.

**{¶9}** R.C. 2953.23(A)(1) permits a trial court to entertain an untimely or successive petition only if:

(1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

**{¶10}** If the petitioner is able to satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him or her guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).

**{¶11}** In this case, Starks does not even allege, let alone establish, any of the requirements necessary to bring an untimely or successive petition for postconviction relief. Starks does not claim that he was unavoidably prevented from discovering facts upon which he relied in his petition, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him. Nor does he claim that but for constitutional error at trial, no reasonable factfinder would have found him guilty. Accordingly, we conclude that the trial court did not err by denying Starks's motion. Starks's sole assigned error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR