[Cite as *State v. Vancleve*, 2015-Ohio-230.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-03-024 |
| | : | O P I N I O N |
| - vs - | | 1/26/2015 |
| | : | |
| NATHAN C. VANCLEVE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013 CR 0204

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45013, for plaintiff-appellee

Nathan C. Vancleve, #A687035, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**PIPER, P.J.**

{¶ 1} Defendant-appellant, Nathan Vancleve, appeals a decision of the Clermont County Court of Common Pleas denying Vancleve's motion to vacate his sentence.

{¶ 2} Vancleve was indicted on three counts of rape and one count of gross sexual imposition of a child younger than 13 years old. The bill of particulars indicates that Vancleve performed multiple sexual acts upon a young male child while the child was in the bathtub

with Vancleve. The acts included digital penetration of the child's anus, fellatio, masturbating the child's penis, and Vancleve inserting his tongue in the child's anus.

{¶ 3} Vancleve agreed to plead guilty to three amended counts of rape and one count of gross sexual imposition, with an agreed sentence of 20 years. The trial court held a plea hearing, during which Vancleve was apprised of his rights, and made a knowing, intelligent, and voluntary guilty plea. On July 11, 2013, the trial court sentenced Vancleve to six-year sentences for each of the rape counts, and a two-year sentence for the gross sexual imposition charge. The trial court ordered Vancleve to serve the sentences consecutively for an aggregate sentence of 20 years, thus accepting the sentence as agreed by the state and Vancleve. Vancleve did not appeal his convictions or sentence.

{¶ 4} On February 14, 2014, Vancleve filed a motion with the trial court, which was captioned "Motion to Vacate Void Sentence Pursuant to Criminal Rules (47) and (57)." Within the motion, Vancleve argued that his sentence should be set aside because the trial court failed to consider relevant statutory sentencing provisions and did not consider whether the crimes were allied offenses. Vancleve also argued that that his sentence was generally contrary to law and that he was denied effective assistance of counsel. The trial court addressed the merits of Vancleve's motion, finding that it had considered the statutory provisions before sentencing Vancleve, that Vancleve agreed on the record that the offenses were committed with a separate animus, and that the court accepted the agreed sentence of 20 years.

{¶ 5} Vancleve now appeals the trial court's denial of his motion, raising three assignments of error. Vancleve's assignments of error raise the same issues raised in his motion to vacate his sentence, and we will address all three assignments of error together for ease of discussion.

{¶ 6} Assignment of Error No. 1:

- 2 -

{¶ 7} THE TRIAL COURT'S SENTENCE DOES NOT COMPORT WITH THE PRINCIPLES AND PURPOSE OF FELONY SENTENCE [sic] ACCORDING TO SECTIONS 2929.11, 2929.12, AND 2941.25, OF THE OHIO REVISED CODE.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ABUSED IT'S [sic] DISCRETION ON APPELLANT'S GUILTY PLEA WITHOUT FIRST CONDUCTING A HEARING TO DETERMINE WHETHER THE OFFENSES INVOLVED WERE COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS AS TO EACH.

{¶ 10} Assignment of Error No. 3:

{¶ 11} THE APPELLANT WAS DENIED DUE PROCESS OF OHIO LAW AND THE RIGHT TO EFFECTIVE ASSISTANCE OF DEFENSE COUNSE, [sic] IN VIOLATION OF APPELLANT'S SIXTH AND FOURTEENTH AMENDMENTS [sic] OF THE UNTIED STATES CONSTITUTION, ARTICLE I SECTION 10.

{¶ 12} Vancleve argues in his three assignments of error that the trial court erred by denying his motion based on the nature of his sentence, the court's failure to consider allied offenses, and because his trial counsel was ineffective. However, we first address whether the trial court was required to address the merits of Vancleve's arguments.

{¶ 13} According to R.C. 2953.21(A)(1), postconviction relief may be sought when the convicted "claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *." The statute provides that the convicted "may file a petition in the court that imposed the sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence * * *."

{¶ 14} Based on the statutory requirements for postconviction relief, the Ohio Supreme Court has held, "where a criminal defendant, subsequent to his or her direct appeal, files a

motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶ 15} In the case sub judice, Vancleve, subsequent to the timeframe for a direct appeal of his convictions and sentence, filed a "Motion to Vacate Void Sentence Pursuant to Criminal Rules (47) and (57)" seeking to vacate his sentence for rape and gross sexual imposition because the trial court allegedly violated Vancleve's due process rights when ordering his 20-year sentence. Accordingly, Vancleve alleged that his sentence was illegal or otherwise constitutionally infirm and should be vacated.

{¶ 16} Vancleve's motion, despite its caption, meets the definition of a petition for postconviction relief set forth in R.C. 2953.21(A)(1) because it is a motion that was (1) filed subsequent to the time that Vancleve could have filed a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the sentence void, and (4) asked for vacation of the judgment and sentence. As such, we find that Vancleve's Motion to Vacate Void Sentence is a petition for postconviction relief as defined in R.C. 2953.21.[1] Because Vancleve's motion was a petition for postconviction relief, we also find that it was untimely brought and is otherwise barred by res judicata.

---

1. The fact that Vancleve referenced Crim.R. 47 and 57 in the caption of his motion does not change this analysis. The Ohio Supreme Court has declined to treat a motion that makes reference to Crim.R. 32.1 as a petition for postconviction relief because such request made pursuant to a specific criminal rule asks the court to analyze an exact means of relief. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993. However, and unlike a motion filed specific to Crim.R. 32.1 which provides a procedure for withdraw of a guilty plea, Crim.R. 47 and 57 do not provide a specific means of relief on which a motion can be based. Crim.R. 47 does not provide a method of relief from judgment, it only specifies that "an application to the court for an order shall be made by motion." Similarly, Crim.R. 57 does not provide a means for relief. Instead, it only discusses the general rules a court must follow as set forth by the Ohio Supreme Court or local rules, and further provides that if no procedure exists on point, the court may proceed in a lawful manner to fulfill its duties. As such, Vancleve's reference to Crim.R. 47 and 57, unlike a reference to a specific criminal rule that can provide the means for relief, will be treated as a petition for postconviction relief. *See State v. Foti*, 11th Dist. Lake No. 2006-L-138, 2007-Ohio-887, ¶ 11 (affirming trial court's decision to treat appellant's motion based on Crim.R. 47 and 57 as a petition for postconviction relief because "by themselves, Crim.R. 47 and 57 do not specifically authorize the filing of a motion to vacate and/or correct one's sentence").

{¶ 17} According to R.C. 2953.21(A)(2), a convicted defendant who does not file a direct appeal has 180 days after the expiration of the time for filing an appeal to file a timely petition for postconviction relief. The trial court sentenced Vancleve on July 11, 2013 and Vancleve had until August 12, 2013 to file his appeal. Vancleve did not file an appeal, and his 180-day window began to run for filing a postconviction relief petition. Vancleve had until February 10, 2014 to file his petition, but his petition was filed on February 14, 2014, four days late.[2] As such, Vancleve's petition was untimely filed and should not have been addressed.[3] However, even if the motion had been timely filed, it still should have been denied, as Vancleve's arguments were barred by res judicata.

{¶ 18} Pursuant to the doctrine of res judicata,

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. As such, pursuant to the doctrine of res judicata, a defendant cannot raise an issue in a motion for postconviction relief that he could have raised on direct appeal. *Reynolds*, 79 Ohio St.3d at 161.

{¶ 19} The record is clear that Vancleve was represented in the proceedings below and that he did not appeal his conviction or sentence. Vancleve could have raised the sentencing issues on direct appeal, but cannot now raise challenges through a petition for

---

2. Although Vancleve argues that he mailed his motion on February 10, 2014 so that it was timely, Ohio law is clear that a document from a prison is considered filed when it is received by the clerk, not when it is mailed. *State v. Williams*, 157 Ohio App.3d 374, 378, 2004-Ohio-2857 (8th Dist.).

3. R.C. 2953.23 provides that a court can consider an untimely petition for postconviction relief if certain circumstances apply. However, those circumstances do not apply in this case.

postconviction relief when those issues should have been raised in a direct appeal.

**{¶ 20}** Moreover, even if we were to find that Vancleve timely filed his petition and that such arguments were not barred by res judicata, we would still affirm the trial court's decision to deny the petition. The record is clear that the trial court properly considered the statutory requirements before sentencing Vancleve, and that the sentence was valid.[4] The record is also clear that the rape and gross sexual imposition charges were not allied offenses of similar import because Vancleve performed four distinct sex acts upon the child victim, and had a different animus for each act.[5] *State v. Accorinti*, 12th Dist. Butler Nos. CA2012-10-205 and CA2012-11-221, 2013-Ohio-4429, ¶ 2.

**{¶ 21}** Furthermore, the record is clear that Vancleve received effective assistance of counsel, and Vancleve has not asserted any reason he would not have pled guilty had his counsel performed differently. This is especially true where Vancleve faced a life sentence had he gone through trial and been convicted, yet his attorney was able to procure an agreed 20-year-sentence for Vancleve.

**{¶ 22}** After reviewing the record and fully considering Vancleve's arguments, we overrule his three assignments of error.

**{¶ 23}** Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.

---

4. Ordinarily, R.C. 2929.14(C)(4) requires certain findings be made before consecutive sentences can be imposed. While the trial court noted that it had considered the consecutive sentencing requirements, it did not make the requisite findings within its sentencing entry. However, the Ohio Supreme Court has held that an agreed sentence is not subject to review. *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25. Instead, the "General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Id.* Therefore, the trial court's lack of findings is not reversible error and the agreed sentence is not subject to appellate review. *State v. Weese*, 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, ¶ 5.

5. Moreover, the trial court expressly noted that Vancleve agreed via his plea that each offense was committed with a separate animus, and Vancleve does not present any evidence to the contrary.