[Cite as *State v. Smith*, 2020-Ohio-1370.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190162 |
| | | TRIAL NO. B-1505510 |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| WILLIAM ANTONIO SMITH, | : | |
| Petitioner-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal: April 8, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Respondent-Appellee,

*William Antonio Smith*, pro se.

**Mock, Presiding Judge.**

{¶1} Petitioner-appellant William Antonio Smith appeals the Hamilton County Common Pleas Court's judgment denying his petition under R.C. 2953.21 et seq. for postconviction relief. Because the court had no jurisdiction to entertain Smith's late postconviction petition, we affirm the judgment as modified to dismiss the petition.

{¶2} In 2017, Smith was convicted of having weapons while under a disability and two counts of murder in connection with the deaths of his friends Alma Jean Owens and MacArthur Jackson, Sr., during an altercation in Jackson's apartment. Owens was 57 years old and 5'1" tall. Smith shot her three times: one shot shattered her right leg; a close-range shot struck her on the right side of her jaw; and the fatal shot struck her under her right eye. Jackson was 72 years old, 5'4" tall, and suffered from chronic lung disease, hypertension, and arteriosclerosis. He sustained three gunshots to the head and multiple cuts on his hands and head, including the fatal 6½-inch-long cut to his neck, found by the coroner to have required up to a dozen strokes. Then-27-year-old Smith gave police multiple conflicting accounts of his role in their deaths, then admitted killing them, but claimed that he had acted in self-defense after Owens attacked him with a sharp object and Jackson physically assaulted him.

{¶3} Evidence was also adduced at trial showing that Smith had sustained substantial cuts to his hand, neck, face, and side. At Smith's request, the trial court instructed the jury on the affirmative defense of self-defense and on voluntary manslaughter as an offense of inferior degree to murder. But the jury returned verdicts finding Smith guilty of murder. And this court, in affirming those convictions on direct appeal, overruled Smith's challenges to the weight and sufficiency of the evidence to support those verdicts. *See State v. Smith*, 1st Dist. Hamilton No. C-170028, 2018-Ohio-2504, *appeals not accepted*, 154 Ohio St.3d 1444, 2018-Ohio-4962, 113 N.E.3d 553 (affirming convictions, but remanding for consecutive-sentences findings). In

our assessment, substantial, credible evidence supported the jury's verdicts that Smith had purposely caused the victims' deaths, and Smith failed to sustain his burden of proving that he had acted in self-defense. Specifically, with respect to Smith's self-defense claim, we found no evidence that he had not been at fault in creating the violent situation, had acted under an objectively reasonable belief that he had been in danger of imminent death or great bodily harm, or had not violated any duty to retreat or avoid the danger. *Id.* at ¶ 56-66.

*The Postconviction Petition*

{¶4} In 2018, Smith filed a postconviction petition seeking relief from his convictions on the grounds that (1) his trial counsel had been ineffective in failing to support his self-defense claim with witnesses and hospital records showing the "defensive" nature of his injuries, and (2) he had been denied due process because he was "not afforded the presentation of evidentiary documentation or witnesses to refute [the state's] evidence and witnesses." He supported the petition with a report generated by the University of Cincinnati Medical Center concerning a follow-up surgical procedure required for the injuries to his hand. He also offered his own affidavit attesting to his pretrial requests that trial counsel subpoena that report, a physician, two character witnesses, and records generated by the emergency room at Good Samaritan Hospital, where his injuries had first been treated. In two subsequent motions, he unsuccessfully sought "leave to supplement" the petition with "newly obtained evidence" in the form of the Good Samaritan Hospital emergency-room records.

{¶5} Smith here appeals from the common pleas court's judgment denying his postconviction petition. On appeal, he presents three assignments of error.

*Amendment Improperly Denied*

{¶6} We address first the second assignment of error, challenging the overruling of Smith's motions for leave to supplement his postconviction petition

3

with the Good Samaritan Hospital emergency-room records. The challenge is well taken.

{¶7} R.C. 2953.21(G)(2) affords a postconviction petitioner the right to "amend[]" a postconviction petition "at any time before the [state's] answer or [a summary-judgment] motion is filed." With his July 6 and 10, 2018 motions for leave to supplement his postconviction petition, Smith sought to amend his petition to add evidentiary material supporting his postconviction claims. Because the state did not respond to the petition until July 25, 2018, when it filed its memorandum in opposition to the petition, Smith had a right under R.C. 2953.21(G)(2) to amend his petition. The effect of the common pleas court's entry overruling Smith's motions was to deny him that right. We, therefore, hold that the court erred in overruling the motions.

{¶8} This holding does not, however, compel reversal of the common pleas court's judgment denying Smith's postconviction petition. The common pleas court did not reach the merits of Smith's late postconviction claims because it determined that it had no jurisdiction to do so. Because we conclude, for the following reasons, that those claims were subject to dismissal for lack of jurisdiction, the denial of Smith's right to amend his petition with evidentiary material supportive of the claims cannot be said to have been prejudicial. Accordingly, we overrule the second assignment of error.

*No Jurisdiction to Entertain the Petition*

{¶9} Smith's first and third assignments of error may fairly be read together to challenge the denial of his postconviction petition without an evidentiary hearing. That challenge is untenable.

{¶10} *No prison-mailbox rule.* R.C. 2953.21(A)(2) required Smith to file his postconviction petition within 365 days from the filing of the transcript of the

4

proceedings in his direct appeal. His petition was not filed with the clerk of courts within the prescribed time.

{¶11}     Smith asserts on appeal that he satisfied the time restrictions of R.C. 2953.21(A)(2) by timely delivering the petition to the prison mailroom. But a prison-mailbox rule does not operate in this state. *State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84, 555 N.E.2d 966 (1990) (overruling *State v. Williamson*, 10 Ohio St.2d 195, 226 N.E.2d 735 (1967), declining to adopt the federal prison-mailbox rule of *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and holding that a notice of appeal is considered filed on the day it is filed with the clerk of courts). Therefore, for purposes of R.C. 2953.21(A)(2), a postconviction petition is filed when it is filed with the clerk of courts, not when it is placed in the prison mailing system. *State v. VanCleve*, 12th Dist. Clermont No. CA2014-03-024, 2015-Ohio-230, ¶17, fn. 2; *State v. Lester*, 3d Dist. Auglaize No. 2-07-23, 2007-Ohio-5627, ¶ 6-12; *State v. Friley*, 10th Dist. Franklin No. 05AP-15, 2006-Ohio-230, ¶ 9; *State v. Williams,* 157 Ohio App.3d 374, 2004-Ohio-2857, 811 N.E.2d 561, ¶ 8-12 (8th Dist.); *State v. Lathan,* 6th Dist. Lucas No. L-00-1073, 2000 WL 1005206 (July 21, 2000); *State v. Springs*, 7th Dist. Mahoning No. 97 CA 68, 1999 WL 148369 (Mar. 11, 1999), fn. 1; *State v. Bowens*, 11th Dist. Ashtabula No. 97-A-004, 1998 WL 553049 (June 26, 1998); *State v. Coots*, 9th Dist. Wayne No. 96CA0095, 1997 WL 803125 (Dec. 24, 1997); *State v. Vroman*, 4th Dist. Ross No. 96CA 2258, 1997 WL 193168 (Apr. 15, 1997); *State v. Smith*, 123 Ohio App.3d 48, 50, 702 N.E.2d 1245 (2d Dist.1997) (following *Tyler* to hold that a prison-mailbox rule does not operate to preclude the dismissal of a postconviction petition on the ground that it was not timely filed). Accordingly, Smith's petition was not timely filed.

{¶12}     *No jurisdiction under postconviction statutes.* Because the petition was not timely filed, the postconviction statutes conferred upon the common pleas court jurisdiction to entertain Smith's late postconviction claims only upon

satisfaction of R.C. 2953.23. Smith was required to show either that he was unavoidably prevented from discovering the facts upon which his postconviction claims depend or that his claims were predicated upon a new retrospectively applicable right recognized by the United States Supreme Court since the time for filing the claims had expired. And he was required to show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense[s] of which [he] was convicted * * *." R.C. 2953.23(A)(1).

{¶**13**} Smith's ineffective-counsel and due-process claims were not predicated upon a new retrospectively applicable right recognized by the United States Supreme Court since the time for filing those claims had expired. On appeal, he argues that he was unavoidably prevented from timely filing his postconviction petition, because his request for the Good Samaritan emergency-room records had been delayed by the county public defender's delay in notifying him that it was declining his case. But his postconviction petition and its supporting evidentiary material did not speak to, much less demonstrate, the matter of unavoidable prevention. Nor does the record otherwise reflect efforts on his part or on his behalf to secure the evidence upon which his ineffective-counsel and due-process claims depended. Because he failed to satisfy the R.C. 2953.23 jurisdictional requirements for entertaining a late postconviction claim, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Smith's petition. *See* R.C. 2953.23(A)(1).

{¶**14**} *Not void.* Finally, a court always has jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But neither his due-process claim nor his ineffective-counsel claim, even if demonstrated, would have rendered his convictions void. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v.*

*Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act); *see also State v. Hayes*, 1st Dist. Hamilton No. C-130450, 2014-Ohio-1263, ¶ 5 (holding that the ineffective assistance of counsel does not render a conviction void).

### We Affirm

{¶15} Because the common pleas court had no jurisdiction to entertain Smith's postconviction petition, the petition was subject to dismissal without an evidentiary hearing. *See* R.C. 2953.21(D) and 2953.23(A). We, therefore, modify the court's judgment denying the petition to reflect its dismissal. *See* App.R. 12(A)(1)(a). And we affirm that judgment as modified.

Judgment affirmed as modified.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.