[Cite as *State v. Smith*, 2023-Ohio-3954.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220583 |
|  |  | TRIAL NO. B-1505510 |
| Plaintiff-Appellee, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
|  |  |  |
| WILLIAM A. SMITH, SR., | : |  |
|  |  |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: November 1, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William A. Smith, Sr.,* pro se.

**CROUSE, Presiding Judge**.

{¶1} Defendant-appellant William A. Smith, Sr., appeals the Hamilton County Common Pleas Court's judgment denying his Crim.R. 33(B) motion for leave to file a motion for a new trial. We affirm.

I.

{¶2} Following a jury trial in 2017, Smith was convicted of two counts of aggravated murder, felonious assault with firearm and repeat-violent-offender specifications, aggravated robbery, and two counts of having a weapon while under a disability. At trial, he admitted to killing his two elderly friends, but claimed it was in self-defense. Smith unsuccessfully challenged his convictions in his direct appeal and in a 2018 petition for postconviction relief. *See State v. Smith*, 1st Dist. Hamilton No. C-170028, 2018-Ohio-2504 (affirming convictions, but remanding for consecutive-sentences findings); *State v. Smith*, 1st Dist. Hamilton No. C-190162, 2020-Ohio-1370 (court lacked jurisdiction to consider petition where petitioner could not demonstrate unavoidable prevention in discovering evidence supporting claims).

{¶3} In September 2021, Smith moved for leave to file a new-trial motion on the following grounds: irregularity in the proceedings, *see* Crim.R. 33(A)(1), prosecutorial misconduct, *see* Crim.R. 33(A)(2), and an error of law occurring at trial, *see* Crim.R. 33(A)(5). Insofar as we can ascertain, Smith argues that the investigating detectives had Smith's "discharge papers" from the hospital (Smith was treated for injuries he had sustained during his attack on the victims) and these medical records demonstrate his "state of mind" the day of the murder. Smith contends that his discharge papers as well as items contained in his case file maintained by his trial counsel support his claim of self-defense and prove that witnesses committed perjury at his trial. In support of his motion, Smith attached (1) motions from July and August of 2018 seeking permission to file a public-records request for the recording of his April 2018 telephone conversation with his trial counsel, the list of exhibits from his

jury trial, and all "court related documentation listed on the docket sheet and related to said case No. B-1505510"; (2) an October 2018 motion to compel his attorney to produce his case file; (3) a January 2019 motion to compel the common pleas court to rule on his public-records request; (4) two notices from the clerk of courts indicating that it had received Smith's request for public records; (5) several "notices of withholding" from the prison mailroom indicating that Smith had received the "discovery he requested" but it was more than the allowed five-page limit and was being returned to sender; (6) a "withdrawal slip" showing that money had been deducted from Smith's prison account to return documents to the sender; (7) a letter from a family member's attorney discussing a request to send "case documents" to Smith; (8) a prison conduct report; (9) excerpts from Smith's interview with police at the hospital; (10) Smith's emergency-room medical records from the day of the murders indicating that "pt does not want to talk to the police"; and (11) three photographs showing blood stains and a picture of a neck wound.

**{¶4}** The common pleas court summarily denied the motion for leave to file a new-trial motion, and Smith timely appealed.

II.

**{¶5}** In a single assignment of error, Smith argues that the common pleas court "erred as a matter of law by abusing its discretion in overruling without an evidentiary hearing defendant's Crim.R. 33(B) motion for leave to file a Crim.R. 33(A)(1)(2) and (5) [motion for new trial]." We are unpersuaded.

**{¶6}** We review the denial of a Crim.R. 33(B) motion without an evidentiary hearing for an abuse of discretion. *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 29; *State v. Mincy*, 1st Dist. Hamilton No. C-060041, 2007-Ohio-1316, ¶ 16. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶7}**    A motion for new trial under Crim.R. 33(A)(1), (2) and (5) must be filed within 14 days of the verdict "unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for new trial * * *." Crim.R. 33(B).  "Unavoidably prevented" means "the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. McKnight*, 2021-Ohio-2673, 176 N.E.3d 802 (4th Dist.), ¶ 11, citing *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).  In determining whether a defendant has exercised reasonable diligence, the defendant must describe all investigative actions undertaken within the 14-day period for timely filing a Crim.R. 33(A)(1), (2) and (5) motion and why he was unavoidably prevented from discovering the grounds for his new-trial motion before that time period had elapsed. *See State v. Cashin*, 10th Dist. Franklin No. 17AP-338, 2017-Ohio-9289, ¶ 17.

**{¶8}**    Smith's jury verdict was entered on January 23, 2017.  He did not file his motion for a new trial until four years later.  Smith argues that he was unavoidably prevented from filing his new-trial motion until now because he only recently received his case file from counsel.  It is unclear what documents Smith received other than his medical records from his emergency-room visit the day of the murders and some exhibits from his trial, including photographs of the injuries to the victims and himself. But we hold that Smith has not demonstrated that he was unavoidably prevented from obtaining this information and, in turn, discovering the grounds of his new-trial motion until recently. All the information or evidence, namely Smith's medical records and exhibits from his trial, were in existence and available to Smith at trial and within 14 days following the jury's verdict, regardless of whether he sought to access the information at that time.  His evidence of unavoidable prevention merely shows that he sought to access the information in his case beginning in July 2018, not that he was

prevented from accessing that information during the time prescribed to file a motion for a new trial.

III.

**{¶9}** Because Smith was not unavoidably prevented from discovering the grounds of his new-trial motion within the appropriate timeframe, we overrule his single assignment of error and affirm the common pleas court's judgment.

Judgment affirmed.

**BERGERON** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.