THE STATE OF OHIO, APPELLEE, *v.* WESTFALL, APPELLANT.

[Cite as State v. Westfall (1976), 46 Ohio St. 2d 31.]

(No. 75-773—Decided April 21, 1976.)

*Mr. Douglas MacGillivray,* prosecuting attorney, for appellee.

*Messrs. Bowers, White & DeMeo* and *Mr. David E. Bowers,* for appellant.

*Per Curiam.* This court finds the case of *State* v. *Williamson* (1967), 10 Ohio St. 2d 195, controlling.

32

In *Williamson,* at page 196, this court held:

"In our opinion, a defendant incarcerated in prison and acting without the aid of counsel filed his notice of appeal in time, if, within the * * * period specified * * * he delivers such notice to the proper prison authorities for forwarding to the court. In such a case, the jailer in effect represents the lower court * * *. We believe that such a conclusion is required by *Fallen* v. *United States* (1964), 378 U. S. 139."

In the case at bar, appellant filed his original notice of appeal with the Legal Officer of the Chillicothe Correctional Institute on July 18, 1975, well within the time for perfecting his appeal. Through no fault of appellant, the notice of appeal was erroneously mailed to Lucas County. Therefore, appellant, who properly followed institution procedure, has filed his notice of appeal "in time" by delivering such notice "to the proper prison authorities for forwarding to the court." *Williamson, supra.*

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for a hearing on the merits.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.