OPINION
{¶ 1} Defendant-appellant Richard A. Beach appeals the decision of the Mahoning County Common Pleas Court, which convicted him of three counts of burglary and one count of theft after he pled guilty to these charges. The issues presented in this appeal are: (1) whether the pleas were entered knowingly, voluntarily, and intelligently; and (2) whether his attorney was ineffective for stipulating to admission of a competency report instead of requesting a second competency evaluation. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} Appellant was arrested for a series of burglaries in Smith Township. He was indicted on three counts of second degree felony burglary in violation of R.C. 2911.12(A)(2), (C) and one count of fourth degree felony (grand) theft of a motorcycle in violation of R.C.2913.02(A)(1), (B)(5). Apparently, appellant failed to appear for pretrial and was arrested on a bench warrant. At the hearing on this matter, appellant's counsel requested a competency evaluation whereupon the trial court ordered an evaluation to be performed by the Forensic Center of Northeast Ohio, Inc.
 {¶ 3} The competency hearing proceeded on June 4, 2002. The next day, the court released its competency entry. The court noted that the state and the defense stipulated to the report filed by Dr. Palumbo which opined that appellant was competent. The court accepted the report as the only evidence offered on the issue of competence and found appellant competent to stand trial.
 {¶ 4} On September 4, 2002, appellant pled guilty as charged. A sentencing hearing was held on November 21, 2002. Prior to journalization of the sentencing entry, appellant filed a motion to reconsider his sentence. The court journalized the sentence on December 16, 2002, ordering appellant to serve two years in prison on each burglary and one year in prison for theft, all to run concurrently for a total of two years. The next day, the court denied the reconsideration motion. Appellant filed timely notice of appeal on January 6, 2003.
 ASSIGNMENT OF ERROR {¶ 5} Appellant sets forth two assignments of error, the first of which provides:
 {¶ 6} "Defendant did not knowingly, intelligently, and voluntarily enter his plea to the three counts since he was incapable of reading the plea agreement and does not fully understanding [SIC] the rights he was surrendering."
 {¶ 7} Appellant broadly argues that the circumstances and record in this case establish that he did not fully understand his rights and the relevant issues surrounding his pleas. He urges that his history should have caused the court more concern, claiming that he has a history of illiteracy, low mental capacity, and mental illness. He thus concludes that the court's inquiry should have been more intensive than is usually required in order to ensure his plea was knowing and voluntary and that he had the ability to understand the consequences. In conjunction with his claim of illiteracy, he suggests that he could not have read the written plea agreement.
 {¶ 8} Pursuant to Crim.R. 11(C), the court shall not accept a plea of guilty or no contest unless the court addresses the defendant personally and: (a) determines the defendant is making the plea voluntarily with full understanding of the nature of the charges and the maximum penalty involved and that he is ineligible for probation if such is the case; (b) informs the defendant and determines he understands the effect of the plea and that upon accepting the plea, the court can proceed to a judgment of sentence; (c) informs the defendant and determines he understands that by entering a plea he is waiving the right to a jury trial, to confront witnesses, to compulsory process, and to require the state to prove guilt beyond a reasonable doubt at a trial where the defendant cannot be compelled to testify against himself. See, also, State v. Tucci, 7th Dist. No. 01CA234, 2002-Ohio-6903, at ¶ 11-12 (noting that the constitutional rights waiver requires strict compliance but a substantial compliance/totality of the circumstances test applies to the remaining advisories).
 {¶ 9} As aforementioned, appellant does not argue that the court failed to specifically mention one of the above categories. Rather, he broadly argues that he did not understand due to his low mental functioning and thus his plea was not voluntary, knowing, or intelligent. This argument seems related to a competency argument. However, merely because the court made a competency determination three months earlier does not mean the competency report was at issue again at the plea.
 {¶ 10} Regardless, contrary to appellant's appellate argument, the competency report does not provide any evidence of mental illness. Additionally, although the report reveals a verbal IQ of 70, which was described as borderline, it does not conclude that appellant is wholly illiterate. In fact, he does have a high school degree, and he read the informed consent form out loud. While he had some difficulty understanding some words, he understood their meaning after they were explained to him. He ended his evaluation with a good understanding of the potential benefits involved in the plea bargaining process, such as shorter sentences. The contents of the report and appellant's status will be discussed more in the next assignment of error.
 {¶ 11} Regardless, from the record of the plea hearing, there is no indication that appellant lacked an understanding of the plea proceedings. The court presented the information required by Crim.R. 11(C) in a simple manner, and appellant repeatedly responded that he understood such information. The court noted multiple times that, notwithstanding any recommendations otherwise, appellant should not expect to get probation for burglary, which the court described as serious and horrible due to the high risk of such crime escalating into a violent confrontational situation. At the end of the colloquy, the court repeated many of its earlier inquiries regarding the voluntary nature of the plea and whether appellant understood the matters discussed.
 {¶ 12} As to the written plea agreement, Crim.R. 11 requires oral dialogue, not a written plea, which is merely a preliminary tool used by the prosecution to outline the agreement. Moreover, appellant's attorney advised that he reviewed the written plea with appellant. Appellant confirmed that everything in the written plea was explained to him fully by the court and by his attorney.
 {¶ 13} Nevertheless, a person need not be able to read to enter a plea. See State v. Pardon (Apr. 10, 1997), 10th Dist No. 96APA08-118, citing State v. McKee (1976), 50 Ohio App.2d 313, 314 (noting that Crim.R. 11 does not require the court to determine an individual's background and reading and writing skills prior to accepting a plea). This just exemplifies the scenario where the importance of the Crim.R. 11 dialogue is indisputable.
 {¶ 14} A trial court has the duty to ensure a defendant understands the plea whether or not his mental acumen is questionable. Here, even if the competency report raised some questions as to appellant's intelligence, the court fulfilled its duty by engaging in a meaningful dialogue with appellant. After reviewing the record and the plea colloquy contained therein, appellant's broad allegations that the record demonstrates that he lacked the ability to understand the ramifications of his pleas are determined to be without merit. As such, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 15} Appellant's second assignment of error contends:
 {¶ 16} "Defendant was denied effective assistance of counsel in violation of his constitutional rights when counsel failed to challenge the competency finding and allowed defendant to plead guilty."
 {¶ 17} Ineffective assistance of counsel arises when it is determined that counsel's performance fell below an objective standard of reasonableness and that this error in performance was so serious as to raise a reasonable probability that but for the error, the results of the proceeding would have been different. Strickland v. Washington (1984),466 U.S. 668. Under this assignment, appellant claims that but for counsel's decision to stipulate to the competency report, the outcome of the proceedings would have been different. He states that instead of stipulating to the report, counsel should have requested a second evaluation.
 {¶ 18} A defendant is presumed competent to stand trial. This presumption is rebutted only when a preponderance of the evidence shows that due to his present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against him or of assisting in his defense. R.C. 2945.37(G). Pursuant to R.C. 2945.37(E):
 {¶ 19} "The prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial. A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation, but, if either the prosecution or defense objects to its admission, the report may be admitted under sections 2317.36 to2317.38 of the Revised Code or any other applicable statute or rule."
 {¶ 20} From this section, it can be gleaned that it is not ineffective assistance of counsel to stipulate to the admission of a report rather than requiring the expert to testify. This is especially true where there is nothing in the report that seems to require cross-examination.
 {¶ 21} The issue about counsel's failure to request a second evaluation arises from appellant's reading of R.C. 2945.371(A), which generally states that if competence to stand trial is raised, the court may order one or more evaluations of the defendant's present medical condition. However, the court's decision to order more than one exam is discretionary. See, e.g., State v. Nethers (Sept. 2, 1999), 5th Dist. No. 99CA2, citing State v. Bailey (1992), 90 Ohio App.3d 58, 67; Statev. Walker (July 11, 1994), 5th Dist. No. 1994CA37.
 {¶ 22} Furthermore, it has been held that where there is no indication that a second examination would reveal a different conclusion, a defendant is hard-pressed to establish ineffective assistance of counsel for failing to request a second exam. In reAnderson (Feb. 13, 2002), 5th Dist. No. 2001AP030021. It has also been held that stipulating to a competency report and failing to request an additional report can fall within the wide realm of reasonable professional assistance. In re Gooch, 2d Dist. No. 19339, 2002-Ohio-6859, at ¶ 29-31. See, also, State v. Connor (July 17, 2000), 12th Dist. No. CA99-08-024 (finding a stipulation to a competency report to be a tactical decision).
 {¶ 23} We shall now evaluate the competency report in this case. First, we note the state claims that the competency report is not before this court so we should overrule this assignment without analysis. However, the parties stipulated to the admission of the report, and the court's entry states that it is the sole evidence relied upon in making its competency determination. As such, the report is part of the record. It is just a confidential part kept in a separate file until requested by this court, similar to the procedure involving this court's receipt of presentence investigation reports. Hence, we continue with our analysis.
 {¶ 24} Here, appellant was twenty-four years old, married, and expecting his first child. He was clean and appeared comfortable. His speech was normal with no rambling or flight. His thought was described as logical, sequential, and easily understood. Appellant was cooperative and had a good memory. He knew his attorney's name and the fact that he was court-appointed. The examiner found no signs of mental illness, and appellant stated that he had no prior mental health treatment.
 {¶ 25} Appellant's verbal IQ was computed at 70, and he was described as having borderline intellect. He graduated from high school where he had been placed in some "slow learning" classes. He read the informed consent form out loud and had some difficulty understanding some words until they were explained to him by the examiner.
 {¶ 26} Appellant adequately judged the seriousness of his situation. He was not confused in describing the events leading up to his arrest. He explained that he could be sentenced by the judge to eight years in prison. He defined the pleas of guilty and not guilty. The definitions of no contest and plea bargain were explained to him, and he could adequately explain these concepts fifteen minutes later. He described the roles of the defendant and the witness. Finally, he accurately stated the functions of the defense attorney, prosecutor, judge, and jury.
 {¶ 27} The examiner found that appellant had the capacity to testify, challenge witnesses, and to understand instructions. The examiner concluded with reasonable scientific certainty that appellant was currently capable of understanding the nature and objectives of the proceedings against him and in presently assisting his defense.
 {¶ 28} Just as borderline IQ is not equivalent with inability to waive Miranda rights, a borderline verbal IQ is not equivalent with incompetence to stand trial. See, e.g., State v. Dailey (1990),53 Ohio St.3d 88, 91 (where defendant's IQ was 71 and he read below a third grade level); State v. Edwards (1976), 46 Ohio St.2d 31, 40 (where defendant had a low IQ and read at a second grade level). Appellant's performance during the evaluation demonstrated that he was currently capable of understanding the nature and objective of the proceedings and presently assisting in his defense. Hence, there is nothing in the competency report that would suggest counsel erred in failing to seek a second evaluation or that a second evaluation would have been outcome determinative. As such, this assignment of error is overruled, and appellant's convictions are upheld.
 {¶ 29} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
WAITE, P.J., and DONOFRIO, J., Concur.