OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant Stephen M. Lester appeals the May 22, 2007 Order of the Court of Common Pleas, Auglaize County, Ohio, dismissing his Petition for Post-Conviction Relief.
 {¶ 3} During a jury trial held May 15-16, 2006 Lester was convicted of one count of abduction, in violation of R.C. 2905.02(A)(1), a third degree felony; one count of theft, in violation of R.C. 2913.02(A)(1), a fifth degree felony; one count of attempted felonious assault, in violation of R.C. 2923.02(A) and R.C. 2903.11(A)(1), a third degree felony; and one count of aggravated menacing, in violation of R.C.2903.21(A), a first degree misdemeanor. Lester was subsequently sentenced to a total of eight years in prison.
 {¶ 4} On September 19, 2006 a transcript of the proceedings was filed in Lester's direct appeal to this Court.[1] On March 20, 2007 Lester filed a Pro Se Petition to Vacate or Set Aside Judgement [sic] of Conviction or Sentence.[2] On May 22, 2007 the Court of Common Pleas of Auglaize County dismissed Lester's Petition as untimely.
 {¶ 5} Lester now appeals asserting a single assignment of error. *Page 3 
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITED AN ERROR OF LAW BY DISMISSING THE PETITION FOR POST CONVICTION RELIEF
 {¶ 6} Timeliness of a petition for post-conviction relief is governed by R.C. 2953.21(A)(2) which provides in pertinent part:
 Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or . . . (emphasis added)
This Court has previously recognized that a trial court is without jurisdiction to consider a petition for post-conviction relief that is filed outside of the statutory 180 day time limit. State v. Osborn, 3rd Dist. No 9-06-44, 2007-Ohio-1629. Furthermore, the Ohio Supreme Court held in State ex rel Kimbrough v. Greene (2002),98 Ohio St.3d 116, 781 N.E.2d 155, 2002-Ohio-7042, at ¶ 6, that "[a] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely filed petition" with respect to a petition for post conviction relief.
 {¶ 7} In the present case, Lester's Petition was filed with the Clerk of Courts on March 20, 2007. Because the transcript in the original appeal was filed on September 19, 2006, the 180 day time period for filing expired on March 19, 2007, as March 17-18 was a weekend.[3]
Lester does not dispute the untimeliness of his petition. *Page 4 
 {¶ 8} Instead, Lester argues that there have been decisions by the Ohio Supreme Court that support the argument that an inmate's pro se petition is timely filed when delivered to prison officials. State v.Williamson (1967), 10 Ohio St.2d 195, 226 N.E.2d 735; State v.Westfall (1976), 46 Ohio St.2d 31, 346 N.E.2d 282. These cases hold that an inmate's filing is timely filed when delivered to prison officials with sufficient time that a timely filing could be made.
 {¶ 9} In support of his contention that his petition falls under the exception articulated in Williamson and Westfall, Lester asserted in an affidavit that he delivered the petition to prison officials for mailing on March 14, 2007. Lester's assertion is further evidenced by a withdraw slip from his inmate account authorizing withdraw of postage on March 14, 2007. The withdraw slip was also stamped as processed on March 16, 2007.
 {¶ 10} More recently, however, the Ohio Supreme Court has expressed a contrary position in State ex rel. Tyler v. Alexander (1990),52 Ohio St.3d 84, 555 N.E.2d 966, without mentioning or overrulingWilliamson or Westfall. In Tyler, the Ohio Supreme Court considered whether a notice of appeal delivered to prison authorities for mailing should be deemed filed with the court under S.Ct. Prac. R. I(1)(A), which requires notices of appeal to be "filed in the court from which the case is appealed." The court specifically "rejected] appellant's suggestion that filed in the court from which the case *Page 5 
is appealed really means delivered to the prison mail room."Tyler, 52 Ohio St. 3d at 84 (internal citations omitted).
 {¶ 11} Other Ohio appellate districts have also construed this conflict in Ohio law in favor of the decision in Tyler, finding that timely filed means filed with the clerk of courts, regardless of the type of action at issue in the filing. Specifically, in State v.Williams, the court stated that:
 Although Tyler involved a notice of appeal, and the instant case involves a postconviction petition, the difference is irrelevant. Therefore, we hold that any document is considered filed when it is filed with the clerk of court, and not when it is placed in the prison mailing system.
State v. Williams (8th Dist. 2004), 157 Ohio App.3d 374,377, 811 N.E.2d 561, 2004-Ohio-2857. See also, State v. Vroman (April 15, 1997), 4th Dist. No. 96CA2258; State v. Harris, 6th Dist. No. E-04-038, 2005-Ohio-921; State v. Cutler 7th
Dist. No. 93-JE-9, 2000-Ohio-2587; State v. Clement (June 27, 1995), 10th Dist. No. 95APA01-101; State v. Bowens (June 26, 1998), 11th Dist. No. 97-A-0004.[4]
 {¶ 12} Based on the foregoing, we conclude that Lester's petition was untimely pursuant to R.C. 2953.21(A)(2). However, in the interest of justice we shall address whether Lester's petition satisfies the requirements of R.C. 2953.23(A), which would remove the petition from the 180 day filing requirement of R.C. 2953.21(A). R.C. 2953.23(A)(1) requires: *Page 6 
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
In order to satisfy R.C. 2953.23 Lester would have to show that he was "unavoidably prevented" from discovering new evidence which is the basis of his claim.
 {¶ 13} Lester's Amended Petition for Post Conviction Relief, filed with the assistance of counsel, raises two claims. The first claim is that Lester received ineffective assistance of counsel. These claims are based on trial counsel's failure to object to the admission of evidence, failure to seek a change of venue prior to trial, failure to challenge *Page 7 
the prosecutor's sentencing recommendations, failure of trial counsel to succeed in challenging the State's expert, and failure to secure the testimony of Lester's mother.
 {¶ 14} None of Lester's claims satisfy the requirement of R.C.2953.23(A)(1)(a). There is nothing in the petition that leads us to believe that Lester and his trial counsel were not aware of all of these contentions at the time of trial. Further, Lester claims that his mother, Mary Cortez, should have testified at his trial, and attached her affidavit to his petition. The affidavit provides that Cortez returned items stolen from the victim, at the direction of Lester, and that luggage in the backseat of Lester's vehicle belonged to Cortez. This is not evidence which was undiscovered before trial, or would assist Lester in crafting a defense.
 {¶ 15} Lester also claims that a Brady violation occurred when the prosecutor failed to disclose exculpatory evidence in the form of a surveillance tape of the scene of the crime. Brady v. Maryland (1963),373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215. However, Lester has no proof that such a tape actually exists. Furthermore, the State has asserted, in reference to Lester's Petition, that such a tape does not exist and if it does, is not in the hands of the State. We cannot find aBrady violation where no such evidence exists.
 {¶ 16} In further support of the trial court's disposition of Lester's Petition, we note that the Supreme Court of Ohio has held that the doctrine of res judicata will bar a defendant from raising any defenses or constitutional claims in a post conviction appeal *Page 8 
under R.C. 2953.21 that were or could have been raised by the defendant at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175,180, 226 N.E.2d 104. Thus, the doctrine of res judicata will bar all claims except those that were not available at trial or on appeal because they are based on evidence outside the record. State v.Medsker, 3rd Dist. No. 1-04-24, 2004-Ohio-4291.
 {¶ 17} The Supreme Court of Ohio has recognized exceptions to this general rule and has held that the doctrine of res judicata does not apply to claims of ineffective assistance where the issue was not heard on direct appeal. See State v. Hester (1976), 45 Ohio St.2d 71, 75-76,341 N.E.2d 304. However, the Supreme Court of Ohio has limitedHester to situations where defendant's counsel was the same at both trial and on direct appeal, because counsel "cannot realistically be expected to argue his own incompetence." State v. Cole (1982),2 Ohio St.3d 112, 114 and fn. 1, 443 N.E.2d 169. Additionally, inCole, the Supreme Court of Ohio held that where a defendant was represented by new counsel on direct appeal "who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel," claims of ineffective assistance of counsel must be brought on direct review.Id. (Emphasis added).
 {¶ 18} In the present case, Lester was represented by different counsel at trial, and on his direct appeal. Moreover, all of Lester's claims are based on information that is either contained in the record, or was available to trial counsel at the time of trial. These claims are therefore, barred by res judicata. *Page 9 
 {¶ 19} In the present case, Lester's petition was untimely, no exception under R.C. 2953.23 is applicable to remove the timeliness requirement, and the claims made in the petition would be barred by the doctrine of res judicata even if we found the petition to be timely. Therefore, the trial court properly dismissed Lester's petition. Accordingly, his assignment of error is overruled and the judgment of the Common Pleas Court of Auglaize County is affirmed.
Judgment affirmed.
ROGERS, P.J., and PRESTON, J., concur.
[1] State v. Lester, 3rd Dist. No. 2-06-31,2007-Ohio-4239.
[2] Lester filed an amended Petition through counsel on April 20, 2007.
[3] Crim.R. 45(A) provides that if the last day of a time period is a Saturday, Sunday, or legal holiday, then "the time period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday."
[4] In Vroman, the Fourth District Court of Appeals found that the Ohio Supreme Court effectively overruled Williamson in its decision inTyler. *Page 1