[Cite as *State v. Bethel*, 2023-Ohio-4843.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 23AP-333 |
| | | (C.P.C. No. 00CR-6600) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Robert W. Bethel, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 29, 2023

**On brief:** [*Janet Grubb*, First Assistant Prosecuting Attorney], and *Seth L. Gilbert*, for appellee.

**On brief:** *Robert W. Bethel*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Robert W. Bethel, appeals from a judgment of the Franklin County Court of Common Pleas, denying postconviction relief. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 25, 1996, appellant shot and killed James Reynolds and his girlfriend Shannon Hawks. Appellant was convicted of two counts of aggravated murder after a jury trial and sentenced to death. The most significant evidence tying appellant to the murders of Reynolds and Hawks was a confession appellant had proffered as part of a plea deal to avoid the death penalty. The plea deal was contingent on appellant's willingness to testify against fellow gang member Jeremy Chavis, but when appellant later refused to do so, the deal fell through, and appellant's confession was used against him at trial. At trial,

appellant testified he and Chavis were at appellant's mother's house when Reynolds and Hawks were believed to have been killed.

{¶ 3} The Supreme Court of Ohio affirmed the convictions and death sentence in appellant's direct appeal. *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853. Appellant's application to reopen the appeal was denied without opinion. *State v. Bethel*, 114 Ohio St.3d 1503, 2007-Ohio-4285.

{¶ 4} In addition to his direct appeal to the Supreme Court, in 2005, appellant asserted 23 grounds for relief in a timely filed petition for postconviction relief. The trial court rejected appellant's claims and dismissed his petition. This court affirmed the dismissal of that petition in *State v. Bethel*, 10th Dist. No. 07AP-810, 2008-Ohio-2697 ("*Bethel I*").

{¶ 5} In 2009, appellant filed a motion for leave to file a motion for a new trial alleging a *Brady* violation. *Brady v. Maryland*, 373 U.S. 83 (1963). The trial court denied the motion, and this court affirmed. *State v. Bethel*, 10th Dist. No. 09AP-924, 2010-Ohio-3837. The Supreme Court did not accept jurisdiction over appellant's discretionary appeal. *State v. Bethel*, 132 Ohio St.3d 1513, 2012-Ohio-4021. Appellant also filed a Crim.R. 33 motion for a new trial and a second petition for postconviction relief in 2018. The trial court denied the 2018 motion and petition, and this court affirmed. *State v. Bethel*, 10th Dist. No. 19AP-324, 2020-Ohio-1343 ("*Bethel II*"). The Supreme Court accepted jurisdiction of appellant's appeal but affirmed our decision in *Bethel II*. *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783 ("*Bethel III*").

{¶ 6} On January 26, 2021, appellant filed the instant motion for leave to file a delayed motion for a new trial, motion for new trial, and successive petition for postconviction relief, arguing that defense counsel provided ineffective assistance by not obtaining the services of a ballistic expert to perform testing on the existing physical evidence and then presenting expert testimony regarding the findings at trial. Appellant claims the 2020 expert report of John Nixon refutes appellant's proffered confession and proves his innocence. Plaintiff-appellee, State of Ohio, argued that appellant failed to show he was unavoidably prevented from obtaining the ballistic evidence within the time required to timely file his petition and motion and alternatively, trial counsel's decision to forego expert testimony was reasonable trial strategy, not ineffective assistance of counsel.

**{¶ 7}** On May 3, 2023, the trial court denied the untimely filed motions and successive petition because appellant failed to show that he was unavoidably prevented from discovering the ballistic report. The trial court further found that the 2020 Nixon report was inconclusive and did not support the conclusion that no reasonable factfinder would have found appellant guilty if presented with this new evidence.

**{¶ 8}** Appellant timely appealed to this court from the May 3, 2023 judgment.

## II. ASSIGNMENTS OF ERROR

**{¶ 9}** Appellant assigns the following as trial court errors:

> [1.] THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLANT WAS NOT UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE[.]
>
> [2.] THE TRIAL COURT ERRED IN HOLDING THAT BETHEL CANNOT SATISFY R.C. § 2953.23(A)(1)(b) AND INEFFECTIVE ASSISTANCE OF COUNSEL UNDER *STRICKLAND*[.]

(Emphasis sic.)

## III. STANDARD OF REVIEW

**{¶ 10}** Ordinarily, appellate courts review a decision to grant or deny a petition for postconviction relief, including the decision whether to afford the petitioner a hearing, under an abuse of discretion standard. *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, ¶ 38, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51-52, 58. A trial court, however, fundamentally lacks jurisdiction to entertain an untimely or successive petition for postconviction relief unless petitioner satisfies the exceptions provided in R.C. 2953.23(A). *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24. Because "the question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely [or successive] petition for postconviction relief is a question of law," an appellate court applies a de novo standard of review to the trial court's determination. *Id.*, quoting *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9.

**{¶ 11}** Regarding a motion for new trial, "[a]n appellate court reviews a trial court's decision granting or denying a Crim.R. 33 motion for new trial for an abuse of discretion." *State v. Howard*, 10th Dist. No. 15AP-161, 2016-Ohio-504, ¶ 46, citing *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 8, citing *State v. Schiebel*, 55 Ohio St.3d 71,

76 (1990). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. LEGAL ANALYSIS

### A. Appellant's First Assignment of Error

{¶ 12} In appellant's first assignment of error, appellant contends the trial court erred when it determined that appellant failed to prove he was unavoidably prevented from discovering the ballistic evidence upon which both his successive petition for postconviction relief and his motion for new trial depend. We disagree.

### 1. Successive Petition for Postconviction Relief

{¶ 13} "The post-conviction relief process is a statutory method by which criminal defendants may bring a collateral civil attack on their convictions and sentences." *Bethel I* at ¶ 16, citing R.C. 2953.21; *State v. Calhoun*, 86 Ohio St.3d. 279, 281 (1999); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994); *State v. McKinney*, 10th Dist. No. 07AP-868, 2008-Ohio-1281. "[P]ost-conviction relief is not an appeal of the judgment; rather, it is intended as a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those arguments is outside of the trial court record (e.g., ineffective assistance of counsel, prosecutorial misconduct, newly-discovered evidence)." (Emphasis omitted.) *Bethel I* at ¶ 16. Though, res judicata bars a postconviction relief "petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal. * * * There is a narrow exception to this rule with regard to claims of ineffective assistance of counsel." (Citation omitted.) *Bethel I* at ¶ 18-19.

{¶ 14} A trial court may not entertain a successive petition for postconviction relief unless (1) the petitioner was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly created federal or state's right pursuant to R.C. 2953.23(A)(1)(a); and (2) clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error pursuant to R.C. 2953.23(A)(1)(b). R.C. 2953.23(A)(1).

{¶ 15} The phrase "unavoidably prevented" in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence. *State v. McDonald*, 6th Dist. No. E-04-009, 2005-Ohio-798, ¶ 19. "The 'facts'

contemplated by R.C. 2953.23(A)(1)(a) are the historical facts of the case, which occurred up to and including the time of conviction." *State v. Turner*, 10th Dist. No. 06AP-876, 2007-Ohio-1468, ¶ 11. "Thus, the exception provided in R.C. 2953.23(A)(1)(a) involves newly discovered evidence." *State v. Black*, 10th Dist. No. 22AP-180, 2022-Ohio-3119, ¶ 11.

**{¶ 16}** Here, appellant's claim for postconviction relief asserts a claim of ineffective assistance of trial counsel purportedly supported by evidence outside the record in the form of a 2020 ballistic report issued by an expert. Appellant's current claim of ineffective assistance of trial counsel is the same claim appellant asserted in his 2005 petition for postconviction relief. (Feb. 28, 2005 Petition for Post-Conviction Relief at 32, Fifth Ground for Relief.) In his 2005 petition, appellant claimed that a preliminary ballistic report authored by Nixon on January 19, 2005 and forwarded to appellant's counsel on January 26, 2005, contradicts appellant's proffered confession and supports the conclusion that he was not the shooter. Nixon's 2005 report is predicated on evidence admitted at his criminal trial or otherwise available to appellant's trial counsel prior to trial. Appellant claimed his trial counsel provided ineffective assistance by failing to retain the services of a ballistic expert to pursue this theory of innocence. Nixon's cover letter to appellant's counsel recommends further testing of the available ballistic evidence and provides a cost estimate. In connection with appellant's 2005 petition for postconviction relief, appellant moved the trial court to provide him with the funds necessary to cover the cost of the recommended testing.

**{¶ 17}** The trial court dismissed the 2005 petition. Concerning the fifth grounds for relief, the trial court found alternatively that the claim of ineffective assistance of trial counsel was barred by res judicata and failed on the merits. Appellant appealed the trial court decision to this court. In affirming the dismissal of his 2005 petition for postconviction relief, this court stated:

> We are not at liberty to re-decide any issues that were already decided by the Supreme Court of Ohio unless the appellant presents some new evidence or factual information that was unavailable on direct appeal. Similarly, any argument that was previously raised, or could have been raised, is barred under the doctrine of res judicata. *The record before us is void of any new evidence or factual information that would be material to the issues raised in the petition and, therefore, we must affirm the trial court's dismissal.*

(Emphasis added.)  *Bethel I* at ¶ 2.[1]

{¶ 18}  In 2012, the federal public defender undertook appellant's representation. The federal public defender subsequently financed further testing by Nixon and the September 2020 ballistic report upon which appellant's successive petition relies.  Further investigation led to the development of supporting testimony from witnesses who were also known to appellant at the time of trial.  According to affidavits submitted by appellant with his successive petition, other priorities of the federal public defender delayed funding for the report.

{¶ 19}  The record in this case conclusively establishes that both the grounds for relief and the facts on which appellant's successive petition relies were known to appellant well prior to the deadline for filing a timely motion for postconviction relief.  Appellant admits the basic facts supporting the motion were available to his counsel prior to his criminal trial and could or should have been developed and submitted to the trial court as a theory of innocence in his criminal case. There is no claim in this case that the state suppressed potentially exculpatory physical evidence from appellant's counsel prior to the criminal trial.  Simply put, the facts on which appellant's successive petition relies are the historical facts of the case, not newly discovered facts or facts existing outside the trial court record.

{¶ 20}  Even though Nixon's 2020 ballistic report was developed from the historical facts of the case and testimony from witnesses who were known to appellant at the time of his criminal trial, appellant claims that Nixon's 2020 ballistic report qualifies as newly discovered evidence, outside the record, because appellant's indigence and incarceration prevented him from timely developing the evidence and presenting it to the court. Appellant's argument distorts the concept of newly discovered evidence.  In our view, the fact that the evidence on which appellant's successive petition relies was known to appellant but not fully developed and presented to the court in a timely fashion does not mean the evidence exists outside the record or is "newly discovered."  *See*, *e.g.*, *Turner*, 2007-Ohio-1468 (Because the time sheets allegedly supporting appellant's alibi were available and known to appellant prior to trial, the time sheets do not qualify as newly discovered evidence for purposes of a successive petition for postconviction relief.); *State v. Brown*,

---

[1] The Supreme Court refused to hear the appeal in *State v. Bethel*, 122 Ohio St.3d 1502, 2009-Ohio-4233.

6th Dist. No. L-99-1251, 2000 Ohio App.LEXIS 65, *7 (Jan. 14, 2000) ("A newly discovered legal argument is not a 'newly discovered fact' as contemplated by R.C. 2953.23 to support a successive petition for postconviction relief.").

{¶ 21} Moreover, even if the 2020 Nixon report could be considered a newly discovered fact for purposes of R.C. 2953.23, appellant must show that he was unavoidably prevented from timely discovering the Nixon report in the exercise of reasonable diligence. The record contains no such showing.

{¶ 22} As noted, one of the grounds for relief set out in appellant's 2005 petition for postconviction relief was a claim that appellant's trial counsel failed to follow up on ballistic evidence and present the evidence to the jury. Accordingly, in January 2005 appellant knew he needed an expert to conduct further testing of the ballistic evidence. The 2005 petition was dismissed by the trial court, and we affirmed the decision on appeal. The Supreme Court refused to hear the case in 2009. Although appellant maintains that the federal public defender took his case in 2012, the formal ballistic report was not authored by Nixon until September 2020.

{¶ 23} Appellant has submitted several affidavits to explain the circumstances surrounding the lengthy delay in obtaining Nixon's 2020 ballistic report and filing his successive petition and motions. The affidavits establish appellant's indigence and outline the efforts made by appellant's counsel to obtain funds to pay the cost of obtaining a ballistic report. Based on our review of this evidence, we cannot say the trial court abused its discretion when it concluded that lengthy and largely unexplained delay in this case was not reasonable. Indeed, the fact that appellant was financially unable to acquire expert assistance does not excuse a lack of diligence in discovering and developing the evidence allegedly supporting postconviction relief. *State v. Thornton*, 12th Dist. No. CA2012-09-063, 2013-Ohio-2394, ¶ 26. Similarly, indigent inmates are not legally entitled to funding for experts when pursuing collateral attacks on their convictions. *State v. Simpson*, 2d Dist. No. 26632, 2016-Ohio-1267, ¶ 15. Nor does the inability to afford counsel to pursue postconviction remedy excuse a lack of diligence in discovering the evidence on which the petition relies. *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 25. Accordingly, even if the Nixon's 2020 ballistic report could be considered a newly

discovered fact, the trial court did not err when it determined that appellant failed to exercise reasonable diligence in discovering it.

{¶ 24} Because we agree that appellant failed to show he was unavoidably prevented from timely discovering the evidence on which the successive petition relies, appellant cannot meet the jurisdictional requirements of a successive petition for postconviction relief. Accordingly, we hold that the trial court lacked jurisdiction to entertain the merits of appellant's successive petition. *Apanovitch*, 2018-Ohio-4744, at ¶ 24, citing *Kane*, 2017-Ohio-7838, at ¶ 9.

{¶ 25} For the foregoing reasons, we must overrule appellant's first assignment of error as it pertains to the successive petition for postconviction relief.

### 2. Crim.R. 33 motion

{¶ 26} Unlike a petition for postconviction relief brought pursuant to R.C. 2953.23(A)(1), "a motion for a new trial is not a collateral challenge—a motion for a new trial is an attempt to void or correct the judgment as provided by law under Crim.R. 33." *Bethel III* at ¶ 44. Under Crim.R. 33(A)(6), "[a] new trial may be granted on motion of the defendant * * * [w]hen new evidence [material to the defense] is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) provides in relevant part as follows:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 27} "Crim.R. 33(B) does not give a deadline by which a defendant must seek leave to file a motion for a new trial based on the discovery of new evidence. The rule states only that a defendant must show that he was 'unavoidably prevented from the discovery of the evidence upon which he must rely.' " *Bethel III* at ¶ 53, quoting Crim.R. 33(B). "A party is 'unavoidably prevented' from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that

existence within the time prescribed for filing the motion in the exercise of reasonable diligence." *Berry* at ¶ 39. " 'The "unavoidably prevented" requirement in Crim.R. 33(B) mirrors the "unavoidably prevented" requirement in R.C. 2953.23(A)(1).' " *Bethel III* at ¶ 59, quoting *State v. Barnes*, 5th Dist. No. CT2017-0092, 2018-Ohio-1585, ¶ 28.

{¶ 28} We have previously determined the trial court did not err when it found appellant failed to show he was unavoidably prevented from discovering the ballistic evidence on which his successive petition for postconviction relief relies. As the burden of proof on this threshold requirement is the same for a movant under Crim.R. 33(A)(6), we cannot say the trial court abused its discretion in reaching the same conclusion in ruling on the motion for a new trial. Thus, we agree with the trial court that appellant cannot establish the threshold requirement of a motion for new trial based on newly discovered evidence.

{¶ 29} For the foregoing reasons, we overrule appellant's first assignment of error as it relates to the Crim.R. 33 motion.

### B. Appellant's Second Assignment of Error

{¶ 30} In appellant's second assignment of error, appellant contends that the trial court erred when it rejected his claim of ineffective assistance of trial counsel. The trial court found that the evidence presented by appellant's successive petition and motion for new trial, failed to satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). We find appellant's second assignment of error is mooted by our resolution of appellant's first assignment of error. *See* App.R. 12(A)(1)(c).

{¶ 31} In *State v. Stewart*, 10th Dist. No. 19AP-458, 2020-Ohio-4709, ¶ 13, this court made the following relevant observations concerning untimely or successive petitions for postconviction relief:

> This court has previously advised trial courts should dismiss a petition for postconviction relief when jurisdiction is lacking, rather than denying the petition on some other grounds. *See, e.g., State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 11 ("the trial court did not err in denying appellant's petition, though technically the petition should have been dismissed for lack of jurisdiction); *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13 (affirming denial of postconviction petition as untimely filed even though trial court should have dismissed the petition for lack of jurisdiction); *State v. Russell*, 10th Dist. No. 05AP-391,

2006-Ohio-383, ¶ 10 (although trial court did not err in denying the petition on the merits, it should have been dismissed for lack of jurisdiction); *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 17 (the untimely postconviction petition should have been dismissed for lack of jurisdiction).

{¶ 32} In resolving appellant's first assignment of error, we determined that appellant failed to prove he was unavoidably prevented from discovering the ballistic evidence on which his successive petition for postconviction relief relies. Because proof appellant was unavoidably prevented from discovering the ballistic evidence was a jurisdictional requirement of the successive petition for postconviction relief, we need not consider the merits of appellant's ineffective assistance of counsel claim to affirm the trial court's ruling on the successive petition for postconviction relief. Furthermore, because we agree that appellant was not unavoidably prevented from discovering the ballistic evidence upon which his Crim.R. 33(A)(6) motion relies, we need not resolve the merits of the ineffective assistance claim to affirm the trial court. Thus, appellant's second assignment of error is moot.

## V. CONCLUSION

{¶ 33} Having overruled appellant's first assignment of error and mooted appellant's second assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, P.J., and MENTEL, J., concur.

————————————